

1 | Roberta S. Savage (SBN 202940)
221 G Street, Suite 207
2 | Davis, CA 95616
tel (530) 753-4497
3 | fax (530) 753-4498

4

5

6

7 | Attorney for
C.S.

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | C.S., a minor, By and Through
F.S., His Guardian Ad Litem,

12 | Plaintiff,

13 | v.

14 | BERKELEY UNIFIED
SCHOOL DISTRICT,

15 | Defendant.

CV CASE NO. 08 3119

COMPLAINT

[20 U.S.C. § 1415]

16

17 |    NOW COMES Plaintiff C.S., a minor by and through F.S., His Guardian Ad Litem, for a

18 | complaint against Defendant BERKELEY UNIFIED SCHOOL DISTRICT (DISTRICT) and alleges

19 | as follows:

20 |    SUMMARY OF THE CASE

21 | 1.    Plaintiff, C.S., has been aggrieved by a hearing decision rendered by an administrative law

22 | judge (ALJ) from the California Office of Administrative Hearings (OAH) on or about April 1, 2008,

23 | which was amended on April 18, 2008. This action is brought pursuant to Section 1415(i)(2)(A) of

24 | Title 20 of the United States Code, also referred to as the Individuals With Disabilities Education

25 | Act (*hereinafter* "IDEA"). (20 U.S.C. §1415(i)(2)(A). *See generally* 20 U.S.C. §§ 1400 *et seq.*).

26 | 2.    Plaintiff, C.S., seeks enforcement, pursuant to the IDEA, of the September 12, 2007

27 | Mediation Agreement entered into between the parties, as well as, enforcement of the OAH April

28 |

1    1, 2008 Order both requiring the DISTRICT to reimburse C.S.'s parents for costs that they incurred

2    in providing him with special education and related services from the time of his third birthday

3    through the end of the 2007-2008 school year. The total amount is approximately $50,000.00.

4    3.    Plaintiff, C.S., seeks monetary damages against DISTRICT, pursuant to the IDEA for its

5    failure to timely reimburse C.S.'s family for the costs that they incurred in providing C.S. with

6    intensive in-home Applied Behavior Analysis (ABA) from the date of C.S.'s third birthday through

7    September 12, 2007. This reimbursement was agreed upon in a mediation on September 12, 2007.

8    Having failed to make payment in a timely manner, the DISTRICT was found out of compliance

9    with the mediation agreement on June 17, 2008 by the California Department of Education.

10   4.    Plaintiff C.S. seeks monetary damages against DISTRICT, pursuant to the IDEA for its

11   failure to comply with the April 1, 2008 Order from OAH requiring payment in the amount of

12   $15,845.20 by May 16, 2008, as well as, the completion of an independent speech and language

13   assessment. Having failed to make the payment in a timely manner or to proceed with the speech

14   and language assessment, the DISTRICT was found out of compliance with the OAH decision on

15   June 17, 2008 by the California Department of Education.

16   5.    The underlying dispute concerns the appropriate educational program for C.S., a preschool

17   child diagnosed with Autism. In the Fall of 2006, his parents made him available to the DISTRICT

18   for assessments prior to his third birthday. The DISTRICT was obligated to provide C.S. with a free,

19   appropriate public education (FAPE) as of his third birthday.

20   6.    The DISTRICT failed to develop a complete individualized education plan (IEP) for C.S. by

21   the time of his third birthday. Instead, the DISTRICT and C.S.'s parents participated in two IEP

22   team meetings in November and December 2006 without completing annual goals and without

23   finalizing a clear written offer of placement. Due to the DISTRICT's failure to develop an

24   appropriate program, C.S.'s parents were mandated by the IDEA to notify the DISTRICT in writing

25   that they intended to provide C.S. with special education services and placement and intended to

26   seek reimbursement for those costs. The DISTRICT never responded in writing to this notice, nor

27

28

1  did they schedule a follow up IEP team meeting to finalize the annual goals or offer of placement
2  and services.

3  7.    In August of 2007, C.S.'s parents pursued a special education administrative due process
4  hearing to address the DISTRICT'S failure to develop an appropriate program for C.S. for the 2006-
5  2007 school year, the 2007 extended school year (ESY) and the 2007-2008 school year. The parties
6  participated in a mediation on September 12, 2007 where they resolved all issues from the date of
7  C.S.'s third birthday to September 12, 2007. The parties and their counsel signed a handwritten
8  Mediation Agreement on that day. On June 17, 2008, the DISTRICT was found out of compliance
9  with the Mediation Agreement as they had failed to reimburse C.S.'s parents as agreed upon.

10  8.    A second mediation was held on January 16, 2008. The parties were unable to resolve the
11  issues from September 13, 2007 through the end of the 2007-2008 school year. A six (6) day
12  administrative hearing was conducted by ALJ Deidre Johnson in February 2008.

13  9.    ALJ Johnson found that the DISTRICT denied C.S. a FAPE for the 2007-2008 school year
14  by:

15      a.    failing to properly assess C.S. in the Fall 2007;

16      b.    failing to have a general education teacher present at the November 8, 2007 and
17          January 25, 2008 IEP team meetings;

18      c.    failing to find C.S. eligible at the November 8, 2007 IEP;

19      d.    failing to provide prior written notice of C.S.'s ineligibility from the November 8,
20          2007 IEP and, C.S.'s eligibility of speech and language impairment at the January 25,
21          2008 IEP.

22      She found that the DISTRICT's failure to find C.S. eligible as Autistic-like was a harmless
23  error. She also found that the DISTRICT improperly found C.S. eligible as Speech and Language
24  Impaired but this too was harmless.

25  10.    ALJ Johnson found against C.S. in finding that:

26      a.    the DISTRICT was not obligated to offer C.S. services from September 13, 2007 to

27

28

1    November 8, 2007;

2    b.    the DISTRICT did not predetermine its offer of placement at the January 25, 2008
3    IEP team meeting;

4    c.    the DISTRICT's offer of placement and services at the January 25, 2008 IEP team
5    meeting was substantively appropriate;

6    d.    the DISTRICT was not obligated to have C.S.'s current service providers or a speech
7    and language therapist in attendance at the November 8, 2007 or January 25, 2008
8    IEP team meetings;

9    e.    full reimbursement for all services was not awarded.

10    11.    ALJ Johnson ordered the DISTRICT to:

11    a.    reimburse C.S.'s parents for the independent assessment they obtained by Dr.
12    Cynthia Peterson;

13    b.    fund an independent, comprehensive speech and language assessment of C.S.;

14    c.    reimburse C.S.'s parents for part of the costs they incurred in providing special
15    education services to C.S. from November 8, 2007 through the end of the 2007-2008
16    school year.

17    12.    ALJ Johnson found C.S. to be the prevailing party on Issues 1, 2, 4 A. & D. She found the
18    DISTRICT the prevailing party on Issues 3 and 4.B & C. She found no prevailing party on Issue 5.

19    13.    On June 17, 2008, the DISTRICT was found out of compliance by the California Department
20    of Education with both the September 12, 2007 Mediation Agreement and the April 1, 2008 ALJ
21    Decision.

22                              JURISDICTION AND VENUE

23    14.    This action arises under the laws of the United States, (See 20 U.S.C. §§ 1415(i)(3)(A),
24    1415 (e)) and the State of California (See CAL. EDUC. CODE § 56507(b) & (d).) Jurisdiction is
25    conferred on this Court pursuant to 28 U.S.C.§1331 and 28 U.S.C. § 1367(a).

26    15.    Venue is proper in this Court under 28 U.S.C. § 1391(b). Plaintiff and Defendants reside

27

1  within the County of Alameda, in the Northern District of California, and all of the events that are

2  the subject of this complaint took place within the Northern District of California.

3  PARTIES

4  16.   Plaintiff is a citizen of the United States. Plaintiff resides with his family, in the County of

5  Alameda, within the boundaries of Defendant's educational jurisdiction, and is a student in said

6  Alameda County. Plaintiff is a child diagnosed with Autism, and is eligible for special education

7  and related services pursuant to IDEA, and Sections 56000 et seq. of the California Education Code.

8  17.   The DISTRICT is a public entity organized and existing under the laws of the State of

9  California, with the capacity to be sued. The DISTRICT receives federal funds from the United

10  States Department of Education pursuant to IDEA, and is required to provide a free and appropriate

11  public education in the least restrictive environment to all disabled children whose parents reside

12  within the DISTRICT's educational boundaries.

13  STATUTORY SCHEME UNDER IDEA

14  18.   IDEA (formerly known as the Education For All Handicapped Children Act, P.L. 94-142)

15  was adopted in 1975 to ensure that all children with qualifying disabilities receive a public school

16  education. In adopting IDEA, Congress found that over one million disabled children were not

17  receiving an appropriate education, and the "more than one-half of the children with disabilities in

18  the United States did not receive appropriate educational services that would enable such children

19  to have full equality of opportunity...1,000,000 of the children with disabilities in the United States

20  were excluded entirely from the public school system and did not go through the educational process

21  with their peers...there were many children with disabilities throughout the United States

22  participating in regular school programs whose disabilities prevented such children from having a

23  successful educational experience because their disabilities were undetected...because of the lack of

24  adequate services within the public school system, families were often forced to find services outside

25  the public school system, often at great distance from their residence and at their own expense." (20

26  U.S.C. § 1400(c)(2)(B-E).) Therefore, Congress adopted IDEA "to ensure that all children with

27

28

C.S. v. Berkeley Unified School District
Case No. Unassigned
Complaint
Page 5

1   disabilities have available to them a free appropriate public education that emphasizes special
2   education and related services designed to meet their unique needs and prepare them for employment
3   and independent living." (20 U.S.C. § 1400(d).)

4   19.    Educational programs for handicapped children are designed and implemented through
5   Individualized Education Programs (IEPs) which contain, among other things, statements of the
6   following: the child's present levels of educational performances, annual goals and short term
7   objectives, and the specific educational services to be provided to the child and the extent to which
8   the child will be educated in regular education programs.  (20 U.S.C. § 1414(d).)  In addition,
9   Congress required that educational programs for handicapped children be implemented, to the
10  maximum extent appropriate, in the regular educational environment and that no handicapped child
11  be removed to special classes or separate schools, unless, with the use of supplementary aids and
12  services, the child cannot be educated satisfactorily in the regular education environment. (20 U.S.C.
13  § 1412(a)(5).)

14  20.    Pursuant to 20 U.S.C. § 1415(b)(6), whenever a parent disagrees with a proposed
15  individualized education program, for example, the parent may file a complaint with respect to any
16  matter relating to the identification, evaluation, or educational placement of the child, or the
17  provision of a free appropriate public education to the child.  Pursuant to 20 U.S.C. § 1415(f)(1),
18  whenever such a complaint has been received, the parent shall have an opportunity for an impartial
19  due process hearing which shall be conducted by the State education agency.  As required by IDEA,
20  California has established an impartial due process hearing procedure through the California Office
21  of Administrative Hearings, Sacramento, California.

22  21.    Pursuant to 20 U.S.C. § 1415 (e)(2)(F) agreements entered into as part of the mediation
23  process of the IDEA are enforceable in federal court.

24  <u>STATEMENT OF RELEVANT FACTS</u>

25  22.    C.S. was diagnosed with Autism in 2005.  Prior to his third birthday in the Fall of 2006 he
26  received special education and related services under Part C of the IDEA provided by the Regional

27

28

1  Center of the East Bay (RCEB). C.S. received 27 hours per week of 1:1 ABA services, including
2  3 hours per week of ABA supervision, in addition to, 1:1 weekly occupational therapy and 1:1
3  weekly speech and language therapy all funded by (RCEB). He also attended a private preschool,
4  the Fine Arts Preschool in Walnut Creek, California, funded by his parents.

5  23.    In the Fall of 2006, the DISTRICT contacted C.S.'s family in order to assess C.S. The
6  DISTRICT assessed C.S. on the same day that his mother signed an assessment plan.

7  24.    An IEP team meeting was held on November 17, 2006 in order to develop an appropriate
8  program for C.S. for the 2006-2007 school year starting on his third birthday. The DISTRICT
9  did not complete the process on November 17, 2006 and therefore scheduled a follow up meeting
10  for December 8, 2006.

11  25.    At the December 8, 2006 IEP team meeting, the DISTRICT realized that it had not
12  assessed or observed C.S. in either his in-home ABA program or his regular education preschool.
13  C.S.'s mother consented to further observations of C.S., in writing, at the meeting. She never
14  withdrew that consent.

15  26.    Within a few days of the December 8, 2006, C.S.'s parents, through C.S.'s attorney's
16  office, sent a letter to the DISTRICT indicating that they disagreed with the proposal to date, that
17  they did not understand why further assessment was necessary and that they were going to
18  provide C.S. special education services and seek reimbursement for those costs. The DISTRICT
19  never responded to this correspondence in writing.

20  27.    C.S.'s parents corresponded with DISTRICT staff in January and February 2008 about
21  the need for further assessment. The DISTRICT did not respond.

22  28.    C.S.'s parents filed a request for an administrative due process hearing in August 2007.
23  The administrative due process hearing alleged that the DISTRICT denied C.S. a FAPE from his
24  third birthday through the 2007-2008 school year. The DISTRICT did not hold a resolution
25  session as required by the IDEA. The DISTRICT did not file an Answer to the due process
26  hearing request.

27

28

1 | 29.    The parties participated in an IDEA mediation on September 12, 2007. The parties

2 | partially resolved the dispute. Specific reimbursement was agreed upon. The parties agreed that

3 | either party could amend the remaining issues to be determined at an administrative due process

4 | hearing. The parties agreed that the DISTRICT would assess C.S. in preparation for an IEP team

5 | meeting on November 8, 2007.

6 | 30.    The DISTRICT conducted the agreed upon assessments within 2 weeks of the IEP team

7 | meeting. At the November 8, 2007 IEP team meeting, the DISTRICT found that C.S. was not

8 | eligible for special education services. C.S.'s parents requested independent assessments.

9 | 31.    C.S.'s parents obtained an independent assessment by Dr. Cynthia Peterson. Dr. Peterson

10 | found that C.S. qualified for special education and related services as Autistic-like.

11 | 32.    A second IDEA mediation was held on January 16, 2008. The parties were unable to

12 | reach a resolution of the remaining issues.

13 | 33.    The DISTRICT held an IEP team meeting on January 25, 2008 to review Dr. Peterson's

14 | evaluation of C.S. At that meeting, the DISTRICT had determined that C.S. was now eligible for

15 | special education and related services as Speech and Language Impaired. The DISTRICT also

16 | presented annual goals and placement and services for C.S.

17 | 34.    A six (6) day administrative hearing was conducted by ALJ Deidre Johnson on February

18 | 5 through 8, 11 and 14, 2008 at the Oakland OAH office.

19 | 35.    In her April 1, 2008 Decision, ALJ Johnson found that the DISTRICT denied C.S. a

20 | FAPE for the 2007-2008 school year by:

21 |         a.    failing to properly assess C.S. in the Fall 2007, specifically that the speech and

22 |             language assessment and the psych-educational assessment were improper;

23 |         b.    failing to have a general education teacher present at the November 8, 2007 and

24 |             January 25, 2008 IEP;

25 |         c.    failing to find C.S. eligible at the November 8, 2007 IEP;

26 |         d.    failing to provide prior written notice of C.S.'s ineligibility, and also C.S.'s

27 |

28 |

1    eligibility of speech and language impairment.

2    She found that the DISTRICT's failure to find C.S. eligible as Autistic-like was a

3    harmless error. She also found that the DISTRICT improperly found C.S. eligible as Speech and

4    Language Impaired but this too was harmless.

5    36.    ALJ Johnson found against C.S. in finding that:

6    a.    the DISTRICT was not obligated to offer C.S. services from September 13, 2007

7    to November 8, 2007;

8    b.    the DISTRICT did not predetermine its offer of placement at the January 25, 2008

9    IEP team meeting;

10    c.    the DISTRICT's offer of placement and services at the January 25, 2008 IEP team

11    meeting was substantively appropriate;

12    d.    the DISTRICT was not obligated to have C.S.'s current service providers or a

13    speech and language therapist in attendance at the November 8, 2007 or January

14    25, 2008 IEP team meetings;

15    e.    full reimbursement for all services was not awarded.

16    37.    ALJ Johnson ordered the DISTRICT to:

17    a.    reimburse C.S.'s parents for the independent assessment they obtained by Dr.

18    Cynthia Peterson;

19    b.    fund an independent, comprehensive speech and language assessment of C.S.;

20    c.    reimburse C.S.'s parents partially for the costs they incurred in providing special

21    education services to C.S. from November 8, 2007 through the end of the 2007-

22    2008 school year.

23    38.    On April 10, 2008, a request for Clarification was filed on C.S.'s behalf concerning three

24    provisions of the ALJ's order. On April 15, 2008, the DISTRICT also filed a request for

25    Clarification on the issue of prevailing party status. On April 18, 2008, the ALJ granted the

26    DISTRICT's request for Clarification without affording C.S. an opportunity to respond, in direct

27

28

1   violation of OAH's standing orders regarding Motions. The ALJ granted C.S.'s Clarification in

2   part and denied it in part.

3   39.    On April 22, 2008, a Compliance Complaint was filed with the California Department of

4   Education on C.S.'s behalf against the DISTRICT based upon the failure to comply with the

5   September 12, 2007 Mediation Agreement[1] and the failure to comply with the April 1, 2008

6   Decision by ALJ Johnson. The DISTRICT admitted that it was out of compliance.

7   40.    On June 17, 2008, the DISTRICT was found out of compliance with the Mediation

8   Agreement and the ALJ's Decision. The DISTRICT is required to provide the California

9   Department of Education proof of compliance by July 1, 2008.

10  41.    C.S.'s parents have not received the payments by the DISTRICT. C.S.'s parents have

11  incurred interest due to the DISTRICT's failure to reimburse them as agreed upon in the

12  September 12, 2007 Mediation Agreement and ordered by ALJ Johnson. C.S.'s parents have

13  been unable to obtain the remainder of the reimbursements ordered by the ALJ because they have

14  been unable to pay for the services that C.S. received without obtaining the agreed upon and

15  ordered reimbursements.

16                          FIRST CAUSE OF ACTION
                              (20 U.S.C. §1415)
17             (Claim For Relief against DISTRICT for denial of FAPE)

18  42.    Plaintiff realleges paragraphs 1 through 41, inclusive, as set forth above and incorporates the

19  same as if fully set forth herein.

20  43.    The ALJ failed to conduct an appropriate legal analysis on the issues of (a) the DISTRICT's

21  obligation to offer special education services to C.S. from September 13, 2007 through November

22  7, 2007; (b) the remedy based upon the findings of denial of FAPE; (c) the substantive

23  appropriateness of the January 25, 2008 offer; (d) the impact of determining C.S. was eligible as

24  Speech and Language Impaired as opposed to Autistic-like; (e) whether the DISTRICT pre-

25  _____

26        [1]    C.S.'s older brother is also eligible for special education services. The DISTRICT
       owed C.S.'s parents reimbursement, pursuant to an IDEA mediation agreement, for costs that
27     they incurred in providing him with specific services.

28

1  determined the January 25, 2008 offer, and (f) whether the DISTRICT violated the IDEA by failing

2  to ensure the participation of C.S.'s private service providers at his IEP team meetings.

3  44.    The Administrative Law Judge failed to analyze the appropriate facts in making her

4  determination that the DISTRICT partially prevailed in the underlying special education dispute.

5  45.    The Administrative Law Judge made incorrect and inconsistent findings of fact in reaching

6  her decision.  The facts were not consistent with the evidence presented.

7  46.    The Administrative Law Judge incorrectly applied the facts to the law related to (a) the

8  DISTRICT's obligation to offer special education services to C.S. from September 13, 2007 through

9  November 7, 2007; (b) the remedy based upon the findings of denial of FAPE; (c) the substantive

10  appropriateness of the January 25, 2008 offer; (d) the impact of determining C.S. was eligible as

11  Speech and Language Impaired as opposed to Autistic-like; (e) whether the DISTRICT pre-

12  determined the January 25, 2008 offer, and (f) whether the DISTRICT violated the IDEA by failing

13  to ensure the participation of C.S.'s private service providers at his IEP team meetings.

14  47.    The Administrative Law Judge's decision is not entitled to deference due to the failure to

15  conduct appropriate legal analyses and the failure to make appropriate findings of fact related to

16  those issues.

17  48.    The Administrative Law Judge failed to provide C.S. with sufficient time to respond to the

18  DISTRICT's Clarification Motion, in violation of the then-current OAH policy, which harmed C.S.

19  by finding he was not the prevailing party on the issue of eligibility.

20  49.    Plaintiff will suffer grave, and irreparable harm for which no other adequate legal remedy

21  exists if the decision of the California Office of Administrative Hearings is not set aside, in part, and

22  specific findings made that are consistent with the provisions of IDEA, California law, and legal

23  precedent in this jurisdiction.

24  50.    Plaintiff has exhausted all administrative remedies pursuant to 20 U.S.C. §1415.

25  //

26  //

27

28

SECOND CAUSE OF ACTION
(20 U.S.C. §1415)
(Claim For Relief against DISTRICT for breach of Mediation Agreement)

51.    Plaintiff realleges paragraphs 1 through 41, inclusive, as set forth above and incorporates the same as if fully set forth herein.

52.    The parties reached a partial agreement resolving all issues up to September 12, 2007 during a special education Mediation. The DISTRICT has failed to reimburse C.S.'s parents as agreed upon in the September 12, 2007 Mediation Agreement.

53.    C.S.'s parents remain out-of-pocket all expenses that should have been reimbursed by the DISTRICT in the Fall 2007. C.S.'s parents complied with the terms of the Mediation Agreement to make C.S. available for assessment and to participate in an IEP team meeting to discuss the DISTRICT's assessments. The DISTRICT's failure to timely reimburse C.S.'s parents is a breach of the Mediation Agreement.

54.    C.S. filed a Compliance Complaint with the California Department of Education. On June 17, 2008, the District was found out of compliance with the Mediation Agreement.

55.    C.S.'s parents have incurred additional interest specifically due to the DISTRICT's failure to timely reimburse them as agreed upon in the September 12, 2007 Mediation Agreement. C.S.'s parents request prejudgment interest on the payments from a reasonable period after September 12, 2007 and the date that the DISTRICT actually makes payment.

56.    Plaintiff has exhausted all administrative remedies pursuant to 20 U.S.C. §1415.

THIRD CAUSE OF ACTION
(20 U.S.C. §1415)
(Claim For Relief against DISTRICT for failure to comply with ALJ Order)

57.    Plaintiff realleges paragraphs 1 through 41, inclusive, as set forth above and incorporates the same as if fully set forth herein.

58.    The April 1, 2008 OAH Decision ordered reimbursement for particular services and assessments within 45 days of the date of the Decision. The total amount ordered to be reimbursed within this time frame was $15,845.20. Further reimbursements were ordered but

1  C.S.'s parents have been unable to pay for those services without payment by the DISTRICT

2  pursuant to the Mediation Agreement or the April 1, 2008 Order.

3  59.    C.S.'s parents have incurred interest charges specifically because of the DISTRICT's

4  failure to timely pay them. C.S.'s parents request prejudgment interest from May 16, 2008 to the

5  date that the DISTRICT makes payment.

6  60.    Plaintiff has exhausted all administrative remedies pursuant to 20 U.S.C. §1415.

7  PRAYER

8  WHEREFORE, Plaintiff respectfully prays for the following relief:

9  1.    For an order that specific findings of ALJ Johnson's decision be set aside on all issues that

10  the DISTRICT  prevailed or that she found no prevailing party.

11  2.    That specific findings be made that are consistent with the provisions of IDEA , including

12  but not limited to, a finding that C.S. was denied a free, appropriate public education at all times

13  from September 13, 2007 through the end of the 2007-2008 school year and that his parents are

14  entitled to reimbursement for all educational services that they provided C.S. during that period;

15  3.    That specific findings be made that are consistent with the provisions of the California

16  Education Code, including but not limited to, a finding that C.S. was denied a free, appropriate

17  public education at all times from September 13, 2007 through the end of the 2007-2008 school year

18  and that his parents are entitled to reimbursement for all educational services that they provided C.S.

19  during that period;

20  4.    For an order that the DISTRICT must immediately reimburse C.S.'s parents for all costs

21  agreed upon in the September 12, 2007 Mediation Agreement, as well as all costs ordered by ALJ

22  Johnson on April 1, 2008;

23  5.    For prejudgment interest on the reimbursement amount agreed upon at the September 12,

24  2007 Mediation Agreement up to the date that the DISTRICT makes payment and for reimbursement

25  of all actual interest incurred by C.S.'s parents due to the DISTRICT's failure to timely

26  reimbursement them pursuant to the September 12, 2007 Mediation Agreement.

27

28

6.      For prejudgment interest on the reimbursement amount ordered by the ALJ on April 1, 2008 up to the day that the DISTRICT makes payment and for reimbursement of all actual interest incurred by C.S.'s parents due to the DISTRICT's failure to timely reimbursement them pursuant to the April 1, 2008 ALJ Order.

7.      For reasonable attorney fees and costs as a prevailing party in the underlying administrative due process hearing and the Compliance Complaint pursuant to 20 U.S.C. §1415 and California Education Code § 56507 (d);

8.      For reasonable attorney fees and costs in bringing and prosecuting this appeal pursuant to 20 U.S.C. §1415; and

9.      For such other relief as this Court may deem just and proper.

Respectfully submitted,

ROBERTA S. SAVAGE

Attorney for Plaintiff, C.S.

Dated: June 26, 2008          By:      _Roberta Savage_
                                       Roberta S. Savage